## FANT v. GIST.

### LAZARUS v. SAME.

1. HOMESTEAD—HEAD OF FAMILY.—A man lived with his wife and an
orphan boy and a little girl, the wife's niece. The boy and the wife died,
after which the man continued to support the niece, who when not at
school, spent part of her time with him. *Held*, that the man was the
head of a family within the meaning of the term as used in the exemp-
tion laws, and was therefore entitled to a homestead.

Before HUDSON, J., Newberry, November, 1891.

This was an appeal by Robert A. Taylor, the owner of the
judgments in the two cases stated in the caption.　The opinion
states the case.

*Mr. J. F. J. Caldwell*, for appellant.

*Mr. George S. Mower*, contra.

September 6, 1892.　The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.　The only question presented
by this appeal is whether there was any error on the part of his
honor, Judge Hudson, in sustaining the respondent's claim of
homestead.　The facts are few and undisputed and fully appear

in the testimony set out in the "Case." From the testimony it appears that Richard V. Gist, up to the time of the death of his wife, or rather until his dwelling house was destroyed by fire, lived on the land out of which the homestead in question was assigned, with his family, then consisting of his wife, an orphan boy named Johnny Rutherford, and his wife's niece, Janie Nance, whom Gist and his wife had informally adopted ; that in the fall of 1882 the said dwelling house was destroyed by fire, whereupon Gist removed temporarily with his family into the town of Newberry, where he remained while his house was being rebuilt; that his wife died in 1883, and shortly before that said Johnny Rutherford died, leaving as the only surviving members of the family, which had lived together in the house before it was burned, his wife's niece, whom he had adopted, and himself; that said niece was supported entirely by said Gist, and except when at school stayed temporarily with her widowed mother, and at other times lived with Gist.

The only question raised is whether Gist can be regarded as the head of a family in the sense of those words as used in the homestead provisions. While it is true Gist has now no wife or children, and no father or mother or other blood relation living with and dependent upon him for a support, yet it is clear that prior to the death of his wife he was the head of a family, consisting of the persons named above, and the practical question is, whether he has lost that character by the death of his wife and the little boy, Rutherford, leaving as the only other member of his family the niece whom he had adopted, who had been taught to look to him for her support, and is still dependent upon him. To the question thus stated, it seems to us that there can be but one answer, and that is that Gist is still the head of a family. The authorities in this State, as well as elsewhere, show very clearly that it is not necessary that the relation of husband and wife, or parent and child, should exist in order to constitute a family. Nor is it necessary that there should be any blood relationship between one claiming to be the head of a family and the members thereof. Nor is it necessary that there should be any *legal* obligation on the part of one claiming to be the head of a family to support the members there-

of; but a moral duty arising from ties of consanguinity or affinity. or perhaps other similar relations will be sufficient. But those who are said to constitute the family must be persons who are in some measure dependent upon the head of the family for a support, and who have a right either in law or morals to expect the same; and who therefore have an interest in the head of the family holding a portion at least of his property, and would be prejudiced by its seizure and sale under execution. These views are fully supported by the case of *Moyer* v. *Drummond*, 32 S. C., 165, and the authorities there cited, which has been recognized and affirmed in the case of *Chamberlain* v. *Brown*, 33 S. C., 597, more fully reported in 11 S. E. Rep., 439. According to these authorities we think it is clear that there was no error on the part of the Circuit Judge in holding that Richard V. Gist was the head of a family, and as such entitled to the exemption claimed.

The judgment of this court is, that the judgment of the Circuit be affirmed.