## In re FINKLEA.

(District Court, E. D. South Carolina. May 15, 1907.)

BANKRUPTCY—HOMESTEAD EXEMPTION—HEAD OF FAMILY.

Where a bankrupt and his wife had separated by mutual consent a short time before the bankruptcy, and she had received approximately half of his property, and had removed with an adopted child to another town, where she remained, leaving him with no property, except a small stock of merchandise, he ceased on such separation to be the head of a family, within the meaning of the homestead provision of the Constitution of South Carolina, and is not entitled thereunder to the allowance of a homestead exemption out of the remaining property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 668–670; vol. 25, Homestead, §§ 22–25.]

In Bankruptcy. On report of referee.

W. F. Clayton, for creditors.
W. H. Wells and J. W. Ragsdale, for bankrupt.

BRAWLEY, District Judge. This case is before me on petition for review of the judgment of the referee, allowing homestead exemption in merchandise to the bankrupt. It appears that Charles L. Finklea was a merchant in a small way of business at Florence; that in the autumn of 1906 he separated from his wife, giving her a part of his goods, which, according to the statement of his attorneys upon this hearing, amounted to $600 or $700, about one-half of the value of his stock of merchandise, and some furniture; that she removed from Florence to Columbia, carrying with her an adopted child; that on October 6, 1906, the bankrupt published in the newspaper at Florence the following:

"Notice.

"My wife, Mrs. C. L. Finklea, and I, having mutually agreed to conduct our affairs, both business and home affairs, separately, this is to give notice to the public that I will only be responsible for debts of my own making.
"[Signed]                                        C. L. Finklea."

In December following it was discovered that the bankrupt was packing his goods for shipment to North Carolina. Attachment proceedings were begun, and the shipment was stopped, and shortly thereafter the petition in bankruptcy was filed. The stock of merchandise on hand was appraised at $684.85. The indebtedness amounts to $897.86. The bankrupt claimed the homestead exemption and merchandise to the value of $500 has been set aside to him. The referee has, in a report characterized by his usual care and conscientiousness, held that he was entitled to his homestead under the Constitution of South Carolina, which allows personal property to the value of $500 as a homestead to the head of a family. Since the separation from his wife, the bankrupt claims to have sent her $2 by letter. The attorney for the creditors claims that this was a trick on the part of the bankrupt in order to lay the foundation for a claim of homestead, and that the $2 was returned; but the testimony tending to establish that contention was ruled out. Since the separation, the bankrupt has continued to remain in Florence, boarding at different places.

The only question arising upon this review is whether Finklea is the head of a family, within the meaning of the Constitution. A family has been defined to be "a collective body of persons who live in one house and under one head or manager." The beneficent provision of the homestead exemption is for the benefit of the family—that is, a collection of persons living together under one head—and the exemption is to the head for the sake of the family. In Fant v. Gist, 36 S. C. 576, 15 S. E. 721, where the family consisted of a wife and an orphan boy and a little girl, the wife's niece, after the death of the wife and the little boy, the man continued to support the niece, who when not at school spent part of her time with him, and it was held that the man was the head of the family, within the meaning of the term used in the exemption laws; but in that case the husband, after the wife's death, had continued to occupy the homestead, and inasmuch as the wife's niece had been a part of his family, and there was a moral obligation on him to support her, the homestead was allowed. But it does not seem to me that this case is authority to support the referee's conclusion here, where there is no family living with the husband, and no homestead, no roof under which the family can gather, and no family to enjoy the benevolent provisions of the law, and no presumption that the family would enjoy any of the benefits of this homestead. The bankrupt has already taken from the creditors part of the stock of merchandise of which he was in possession, about one-half, according to the statement of counsel, and has given it to his wife for her separate support, and now he asks that about all that is left shall be turned over to him. While there is no testimony to prove that this stock of merchandise has not been paid for, there is a strong presumption that such is the case. At all events, the creditors will get nothing if this exemption is allowed.

I have great respect for the referee's opinion, and my first impulse was to affirm his judgment. A case from Arkansas has been cited which seems to sustain it. There the wife had abandoned the husband, and it was held that this did not forfeit her right to the homestead upon his death, and it was contended that, although the wife

was living apart, she might have returned to her duty at any time, and' that, so long as the relation of husband and wife existed by law, his legal status was unchanged; he was still the head of the family. In Cooper v. Cooper, 24 Ohio St. 488, it is held:

"Where a debtor moves for the custody of a fund in the hands of the court in lieu of the homestead, the right to the fund must be determined upon the state of facts existing ,at the time when it is finally disposed of by the court; and, if the debtor has then ceased to be the head of the family, within the meaning of the homestead exemption, he is not entitled to any exemption."

The circumstances of this case are such that I am of opinion that the court should not be astute to discover grounds upon which the exemption should be allowed. There is no family or collection of persons living together in one home or under one head. The wife has voluntarily gone off to another town, carrying with her the adopted child, and there is no home to which she may return. Some provision has been made for her support, and the assets to which creditors might look for payment of their claims has been thus depleted. A mere legal liability for the support of a wife who has thus voluntarily abandoned her husband, which may or may not be enforced, does not restore the family status, and, as the primary object of the constitutional provision allowing a homestead is the protection of the family, when the family relation ceases to exist, the reason for the privilege is gone. The fund claimed is in the hands of the court for distribution among those justly entitled thereto. It must consider the status as it is to-day, and it seems clear that there is no family now existing which will be benefited by the exemption, and therefore no head of the family entitled to claim it, and if allowed the money will go to the sole benefit of Finklea as an individual. It does not seem to me that his claim to it is superior to that of the creditors.

It is therefore ordered and adjudged that the order of the referee, directing that merchandise of the value of $500 belonging to the estate of the bankrupt be set aside to Finklea as a homestead exemption, be, and the same hereby is, overruled.